IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-MC-00028

| | |
|---|---|
| IN RE:<br><br>FORTITUDE FINANCIAL<br>INVESTMENTS, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>LSTAR MANAGEMENT, LLC,<br><br>          Defendant. | **MEMORANDUM IN SUPPORT OF RECEIVER'S MOTION TO APPROVE SETTLEMENT AND RELEASE AGREEMENT** |

## INTRODUCTION

Margaret R. Westbrook, Esq. ("Receiver"), as Receiver for LStar Management, LLC ("Management"), by and through undersigned counsel, files this Memorandum in Support of Receiver's Motion to Approve Settlement and Release Agreement (the "Motion"), seeking the Court's approval of the proposed Settlement and Release Agreement ("Settlement Agreement") between Kyle Corkum ("Corkum") and Receiver.

Receiver respectfully requests that the Court approve the proposed Settlement Agreement between Corkum and Receiver because the Settlement Agreement is in the best interests of Management's creditors. Absent the Court's approval of the Settlement Agreement, Receiver will incur additional costs and legal fees and will be unable to substantially increase the assets of the Receivership Estate. By approving the Settlement Agreement, the Court can assist the Receiver in reducing costs and providing an additional avenue of potential recovery and distribution of funds to creditors.

**ARGUMENT**

On March 11, 2020, the Court entered an Order Granting Motion for Appointment of Receiver (ECF No. 9 - the "Receivership Order"), appointing Margaret R. Westbrook, Esq. as the receiver for Management. Among other things, the Receivership Order tasks the Receiver with acting "in the best interest of the Receivership Estate." Receivership Order at 2, ¶ 1(v). To that end, the Receivership Order also grants the Receiver the authority to "enter into such contracts … as are necessary for the management, care, repair, preservation, accounting, security, insuring, and/or liquidation of the Receivership Assets." Receivership Order at 4, ¶5(ix).

In light of these obligations, Receiver has diligently searched for, identified, and secured assets for the Receivership Estate since entry of the Receivership Order and has managed to marshal many of Management's assets in an attempt to satisfy Management's creditors. However, Management's debts still far exceed its assets.

One of Management's assets is a currently pending lawsuit filed by Management against Corkum in Wake County Superior Court and captioned *LStar Management, LLC and LStar Southfield, LLC v. Kyle V. Corkum*, Case No. 18-CVS-11636 (the "LStar Case"). The LStar Case is currently stayed pending AAA Arbitration. The parties recognize that full prosecution of the arbitration proceedings would require Receiver to devote substantial resources from the Receivership Estate to adequately participate in the proceedings and prosecute the Receivership Estate's claims. After conducting due diligence in analyzing the potential recovery for the Receivership Estate, Receiver has concluded that Corkum likely does not have resources sufficient to satisfy a judgment in light of the substantial liabilities and judgments already in place against Corkum personally. Further, the case is a complicated one in addition to being document and witness intensive. Receiver has concluded that it will be very expensive to prosecute the arbitration

to its conclusion. Accordingly, Receiver does not believe that further litigation or arbitration of the LStar Case is in Management's best interests when a potential resolution is to be had in the form of the Settlement Agreement, particularly where the Settlement Agreement would also resolve outstanding claims by Corkum against Management.

Indeed, while Receiver is informed that Corkum likely does not currently have assets sufficient to satisfy any potential judgment in the LStar Case, prior to the appointment of the Receiver, Corkum filed and threatened to file several civil cases against Management in various courts throughout North Carolina and Massachusetts. Corkum has also recently entered into a real estate venture, Fidelus Holding Co., LLC ("Fidelus"), which may generate additional recoveries for Management's creditors.

In light of the above, Corkum and Receiver entered into settlement negotiations in an effort to resolve their various disputes while also creating value for the Receivership Estate. As a result of those discussions, Corkum and Receiver have agreed that, subject to the Court's approval, settlement of their respective cases and claims is in the best interests of both Corkum and the Receivership Estate. The parties have accordingly jointly negotiated and prepared a Settlement Agreement[1] resolving the parties' various disputes in North Carolina and Massachusetts and assigning directly to Management's creditors economic interests in Fidelus in the amount of each individual creditor's outstanding claim against Management.[2] It is notable that although Corkum guaranteed some of the debts owed to creditors of Management, Corkum is willing in this

---

[1] A true and accurate copy of the proposed Settlement Agreement has been attached hereto as **Exhibit A**.
[2] The approval of the Sharing Agreements with Creditors is the subject of a separate motion filed and pending approval from this Court. A list of Creditors who the Receiver proposes to receive economic interests in Fidelus as part of their Remaining Claims is attached hereto as **Exhibit B**. A representative example of the Settlement and Release Agreements between Management and each of Management's creditors is attached hereto as **Exhibit C**.

3

308401400.3

settlement to provide interests in Fidelus and potential recovery to creditors beyond those who have asserted or could assert claims against him individually for repayment.

By settling the LStar Case in exchange for the dismissal of Corkum's claims against Management and the issuance of economic interests in Fidelus to Management's creditors Receiver believes Management's creditors will be better served than if Receiver were to litigate or arbitrate the LStar Case to its conclusion. By resolving Corkum's civil claims without further legal proceedings, Receiver will be able to better maintain and preserve the current limited assets of the Receivership Estate as contemplated by the Receivership Order. Receivership Order at 4, ¶5(ix). By securing future profits for Management's creditors from Fidelus, Receiver would be creating additional Receivership assets for inclusion in the Receivership Estate to further compensate Management's creditors, which would necessarily be "in the best interests of the Receivership Estate." Receivership Order at 2, ¶ 1(v). The Settlement Agreement accomplishes both of these objectives in exchange for a release of Management's claims against Corkum. As noted above, even the positive result of a judgment against Corkum in the LStar Case would be of limited benefit to the Receivership Estate in light of Corkum's apparent lack of assets, particularly when weighed against the substantial costs necessary to litigate or arbitrate the LStar Case to its conclusion.

Based on the foregoing, the Court should approve the proposed Settlement Agreement to permit Receiver to maintain the current assets of the Receivership Estate while also securing future Receivership assets for the Receivership Estate.

## **CONCLUSION**

For these reasons, Receiver respectfully requests that the Court issue an Order approving the proposed Settlement Agreement between Corkum and Receiver.

Respectfully submitted, this the 12th day of November, 2021.

**K&L GATES LLP**

*/s/ Margaret R. Westbrook*
Margaret R. Westbrook
N.C. State Bar No. 23327
K&L Gates LLP
4350 Lassiter at North Hills Ave., Suite 300
Raleigh, North Carolina 27609
Telephone: (919) 743-7311
Fax: (919) 516-2111
Margaret.Westbrook@klgates.com
*Counsel to Margaret R. Westbrook, Esq., Receiver for LStar Management, LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this document to be filed electronically through CM/ECF and, thus, to be served by electronic notification on those parties properly registered for electronic service through this Court's CM/ECF system, including the following:

James S. Livermon, III
Womble Bond Dickinson (US) LLP
555 Fayetteville St., Suite 1100
Raleigh, NC 27601
Telephone: 919-755-2148
Fax: 919-755-6178
Email: charlie.livermon@wbd-us.com
*Counsel for Fortitude Financial Investments, Inc.*

Lisa P. Sumner
Poyner Spruill LLP
301 Fayetteville St., Suite 1900
Raleigh, NC 27601
Telephone: 919-783-6400
Fax: 919-783-1075
Email: lsumner@nexsenpruet.com
*Counsel for LStar Development Group, Inc.*

D. Kyle Deak
Troutman Pepper Hamilton Sanders LLP
305 Church at North Hills Street, Suite 1200
Raleigh, NC 27609-2669
Telephone: 919-835-4133
Email: kyle.deak@troutman.com
*Counsel for LA Coinvest, LLC*

Zachary H. Smith
100 North Tryon Street
Suite 4700
Charlotte, NC 28202-4003
Telephone: 704-331-1046
Fax: 704-378-1909
zacharysmith@mvalaw.com
*Counsel for GDMB Holding LLC, TOBI IV LLC, and TOBI V LLC*

Respectfully submitted this 12th day of November, 2021.

**K&L GATES LLP**

*/s/ Margaret R. Westbrook*
Margaret R. Westbrook
N.C. State Bar No. 23327
K&L Gates LLP
4350 Lassiter at North Hills Ave., Suite 300
Raleigh, North Carolina 27609
Telephone: (919) 743-7311
Fax: (919) 516-2111
Margaret.Westbrook@klgates.com
*Counsel to Margaret R. Westbrook, Esq., Receiver for LStar Management, LLC*